1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    JOHN S. GARIBAY,                          )    Case No.: 1:12-cv-01399-JLT
                                                )
12              Petitioner,                     )    ORDER TO SHOW CAUSE WHY THE PETITION
                                                )    SHOULD NOT BE DISMISSED FOR VIOLATION
13        v.                                    )    OF THE ONE-YEAR STATUTE OF
                                                )    LIMITATIONS AND FAILURE TO EXHAUST
14    AUDREY KING, Executive Director,          )    STATE REMEDIES
                                                )
15              Respondent.                     )
                                                )    ORDER DIRECTING THAT RESPONSE BE
16                                              )    FILED WITHIN THIRTY DAYS
                                                )
17    _____      )

18

19        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

20    corpus pursuant to 28 U.S.C. § 2254.  The petition was filed in the Sacramento Division of this Court

21    on August 11, 2012, [1]  and transferred to this Court on August 27, 2012.  (Doc. 3).  On September 6,

22

23    _____

24    [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
      filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court
25    clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
      mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might
26    be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit
      has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.
27    Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
      The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison
28    authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,
      for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the

                                                    1

1   2012, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes.

2   (Doc. 5).

3   **DISCUSSION**

4       A.   Preliminary Review of Petition.

5       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

6   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

7   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

8   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

9   corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

10  an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

11      The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

12  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

13  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

14  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

15  Herbst.

16      B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

17      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

19  filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

20  Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

21  The instant petition was filed on August 11,  2012, and thus, it is subject to the provisions of the

22  AEDPA.

23      The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

24  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

25  reads:

26

27  petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

28  Petitioner signed the instant petition on August 11, 2012.  (Doc. 1, p. 6).

1

2

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

3

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

6

7

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8

9

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

10

11

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

12

28 U.S.C. § 2244(d).

13

In most cases, the limitation period begins running on the date that the petitioner's direct

14

review became final.  Here, a petition to designate Petitioner as a sexually violent predator was filed

15

on June 29, 2007 in the Superior Court.  (Doc. 1, p. 13).  On January 8, 2008, the Superior Court heard

16

a motion to dismiss the petition, and denied it.  (Doc. 1, pp. 14-15).  At some later point, which

17

Petitioner does not identify in his petition, Petitioner was found by the Merced County Superior Court

18

to be a sexually violent predator pursuant to California law and was ordered confined for an

19

indeterminate term.

20

Petitioner acknowledges that he did not file an appeal from this adjudication.  (Doc. 1, p. 1).

21

Accordingly, California state law governs the period within which prisoners have to file an appeal and,

22

in turn, that law governs the date of finality of convictions.  See, e.g., Mendoza v. Carey, 449 F.3d

23

1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California

24

conviction becomes final 60 days after the superior court proceedings have concluded, citing prior

25

Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant

26

convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment.  See

27

People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule

28

1    31(d)).  Because Petitioner did not file a notice of appeal, his direct review concluded when the sixty-

2    day period for filing a notice of appeal expired.  The one-year period under the AEDPA would have

3    commenced the following day, and Petitioner would have had one year from that date within which to

4    file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th

5    Cir.2001).  However, because Petitioner has failed to identify the date on which the Superior Court

6    made its determination that Petitioner was a sexually violent predator, the Court is unable to determine

7    the precise date on which the one-year limitation period commenced and thereafter expired.

8              C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9              Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

10   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

11   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

12   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

13   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

14   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

15   in the intervals between a lower court decision and the filing of a petition in a higher court.

16   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

17   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

18   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

19   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

20   (9th Cir. 1999).

21             Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

22   For example, no statutory tolling is allowed for the period of time between finality of an appeal and

23   the filing of an application for post-conviction or other collateral review in state court, because no

24   state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.

25   Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

26   period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the

27   limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v.

28

4

1    Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,

2    1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to

3    statutory tolling where the limitation period has already run prior to filing a state habeas petition.

4    Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the

5    reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.

6    White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling

7    when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165,

8    1166 (9th Cir. 2006).

9         Here, although Petitioner has not included any information about his state habeas proceedings,

10   the Court has accessed the California courts' electronic database and determined that Petitioner filed

11   the following state habeas petitions: (1) petition filed in the California Court of Appeal, Fifth

12   Appellate District ("5th DCA")  on December 31, 2009 and denied on January 7, 2010, in case no.

13   F059157; (2) petition filed in the 5th DCA on March 9, 2010, and denied on August 6, 2010, in case

14   no. F059662;  (3) petition filed in the California Supreme Court on October 8, 2010 and denied on

15   November 23, 2010 in case no S187154; and, (4) petition filed in the California Supreme Court on

16   December 1, 2011 and denied on May 23, 2012 in case no S198414 .[2]

17        Here, although the Court is unable to determine the precise commencement date for the one-

18   year period, the Court is inclined to find the petition untimely because a gap of more than one year

19   exists between the denial of the third state petition and the filing of the fourth and the collective gap in

20   the intervals between petitions exceeds the 365 days afforded by the AEDPA.

21        Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state

22   habeas petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme

23

24   [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
     accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th
25   Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial
     notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v.
26   Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins.
     Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir.
27   1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court
     of Appeal and the California Supreme Court are subject to judicial notice.
28

1    Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap

2    between first set of state petitions and second).  In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir.

3    2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a

4    new habeas petition *at the same or a lower level*" of the state court system.  See also Nino, 183 F.3d at

5    1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of

6    "a petition at the next state appellate level.")(emphasis supplied).

7         Moreover, statutory tolling is inapplicable to periods between successive petitions--such as

8    Petitioner's first and second state petitions in the 5th DCA, or between the third and fourth petitions

9    filed in the California Supreme Court--that do not form part of a progressive series from the Superior

10   Court, to the Court of Appeal, to the California Supreme Court.  See Dils v. Small, 260 F.3d 984 (9th

11   Circ. 2001)(statute of limitation not tolled during interval between successive state habeas petitions

12   filed to the state's highest court); see also Nino, 183 F.3d at 1006-1007 (intervals tolled between state

13   court's disposition of a state habeas petition and the filing of "a petition at the next state appellate

14   level."); Saffold v. Newland, 250 F.3d 1262 (9th Circ. 2000).

15        Accordingly, the only time with which Petitioner would be credited for statutory tolling

16   purposes is the actual period the four petitions were pending, and not for any intervals between the

17   various petitions.  A quick calculation of those intervals shows that the three intervals themselves total

18   505 days, well beyond the 365 days afforded to state prisoners to file their federal petitions under the

19   AEDPA.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and should be

20   dismissed, regardless of the precise date on which the one-year period would have commenced.

21        D.  Equitable Tolling.

22        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

23   tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon

24   v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to

25   equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to

26   file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal

27   quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of

28

1    diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations

2    may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant

3    seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing

4    his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130

5    S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold

6    necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."

7    Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,

8    "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

9           Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the

10    record now before the Court, the Court sees no basis for such a claim.  Petitioner does indicate that he

11    did not discover these legal contentions until recently; however, a petitioner's claims of ignorance of

12    the law, lack of education, or illiteracy are not grounds for equitable tolling.  Raspberry v. Garcia, 448

13    F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909

14    (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to

15    establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335

16    (6th Cir.1991).

17           Moreover, Petitioner has shown no diligence in pursuing his claims.  Equitable tolling applies

18    only where prisoner has diligently pursued claims, but has in some "extraordinary way" been

19    prevented from asserting his rights.  Petitioner alleges that he only recently discovered these claims

20    when they were brought to his attention by a jailhouse lawyer.  (Doc. 1, p. 5).  Petitioner provides no

21    evidence to show that extraordinary circumstances prevented him from timely filing his federal

22    petition or that such extraordinary circumstance prevented him from discovering those claims in the

23    first instance.  Rather, it appears that Petitioner would have been content to languish indefinitely in his

24    present confinement as a sexually violent predator until and unless some other inmate or Samaritan

25    informed him of a potential legal claim he could present; this is not diligence.  A petitioner who fails

26    to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin

27

28

1    County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

2    Accordingly, Petitioner is not entitled to equitable tolling.

3         The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently

4    tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544

5    U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297

6    F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons

7    discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to

8    the tolling issue.  However, Petitioner will be permitted to file a response to this Order to Show Cause,

9    setting forth any additional information he has regarding the Court's analysis of the timeliness of the

10   petition.

11        E.  Failure to Exhaust Remedies.

12        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

13   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

14   exhaustion doctrine is based on comity to the state court and gives the state court the initial

15   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

16   722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

17   Cir. 1988).

18        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

19   full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

20   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

21   F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme

22   Court.  A federal court will find that the highest state court was given a full and fair opportunity to

23   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

24   basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715,

25   1719 (1992) (factual basis).

26        Additionally, the petitioner must have specifically told the state court that he was raising a

27   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

28

8

1   Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999);

2   <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court

3   reiterated the rule as follows:

4

5          In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies
       requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the

6          State the "opportunity to pass upon and correct alleged violations of the prisoners' federal
       rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity

7          to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact
       that the prisoners are asserting claims under the United States Constitution. If a habeas

8          petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due
       process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal

9          court, but in state court.

10   <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

11          Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
       claims in state court *unless he specifically indicated to that court that those claims were based*

12          *on federal law*. <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the
       Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the*

13          *federal basis of the claim explicit either by citing federal law or the decisions of federal courts,*
       *even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999)

14          (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be
       decided under state law on the same considerations that would control resolution of the claim

15          on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v.</u>
       <u>Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

16
       In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the

17          relevant claim is a federal one without regard to how similar the state and federal standards for
       reviewing the claim may be or how obvious the violation of federal law is.

18

19   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

20          Here, Petitioner readily acknowledges that he has not presented any of his claims to any state

21   court.  (Doc. 1, p. 5).  As grounds for this failure, Petitioner again contends that he only discovered his

22   claims when they were brought to his attention by another inmate.  Such a tepid response, however,

23   falls short of the exhaustion standard required of state inmates.  Because Petitioner has not presented

24   his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  <u>See</u>

25   <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  <u>Greenawalt v.</u>

26   <u>Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely

27   unexhausted.  <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982);  <u>Calderon</u>, 107 F.3d at 760.  Therefore,

28

1   unless Petitioner can provide additional information regarding exhaustion of his state remedies that

2   would satisfy the standard set forth above, the Court will have to dismiss the petition as entirely

3   unexhausted.

4   ///

5                                          **ORDER**

6          For the foregoing reasons, the Court HEREBY ORDERS:

7          1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of

8          service of this Order why the Petition should not be dismissed for violation of the one-year

9          statute of limitations in 28 U.S.C. § 2244(d), and for failure to exhaust state court remedies.

10         Petitioner is forewarned that his failure to comply with this order may result in a

11   Recommendation that the Petition be dismissed pursuant to Local Rule 110.

12

13   IT IS SO ORDERED.

14      Dated:   **September 28, 2012**                    **/s/ Jennifer L. Thurston**
15                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28