UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN S. GARIBAY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AUDREY KING, Executive Director,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01399-JLT<br><br>ORDER DISMISSING PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS AND FAILURE TO EXHAUST STATE REMEDIES<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed in the Sacramento Division of this Court on August 11, 2012,[1] and transferred to this Court on August 27, 2012. (Doc. 3). On September 6,

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the

1

2012, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 5).

On September 28, 2012, after conducting a preliminary screening of the petition, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely and unexhausted. (Doc. 7). That Order to Show Cause gave Petitioner thirty days within which to file a response. On October 22, 2012, Petitioner filed his response. (Doc. 8). Based on all of the record now before the Court, it is clear both that the petition in untimely and unexhausted. Accordingly, the Court will dismiss the petition.

## DISCUSSION

A.   Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the September 28, 2012 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

---

petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 11, 2012. (Doc. 1, p. 6).

Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 11, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, a petition to designate Petitioner as a sexually violent predator was filed on June 29, 2007 in the Superior Court. (Doc. 1, p. 13). On January 8, 2008, the Superior Court heard a motion to dismiss the petition, and denied it. (Doc. 1, pp. 14-15). At some later point, which Petitioner does not identify in his petition, Petitioner was found by the Merced County Superior Court to be a sexually violent predator pursuant to California law and was ordered confined for an indeterminate term pursuant to the State's Sexually Violent Predator law.

Petitioner acknowledges that he did <u>not</u> file an appeal from this adjudication. (Doc. 1, p. 1).

3

Accordingly, California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, and Petitioner would have had one year from that date within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). However, because Petitioner has failed to identify the date on which the Superior Court made its determination that Petitioner was a sexually violent predator, the Court has not been able to determine the precise date on which the one-year limitation period would have commenced and thereafter expired. Although Petitioner was advised of this fact in the Order to Show Cause and cautioned to provide additional information in his response, Petitioner failed to provide the required dates that would permit the Court to do a proper timeliness analysis. Nevertheless, for the reasons set forth below, the Court concludes that the petition is untimely.

      C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

1  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
2  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
3  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
4  (9th Cir. 1999).

5        Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.
6  For example, no statutory tolling is allowed for the period of time between finality of an appeal and
7  the filing of an application for post-conviction or other collateral review in state court, because no
8  state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v.
9  Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the
10 period between finality of an appeal and the filing of a federal petition. Id. at 1007.  In addition, the
11 limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v.
12 Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,
13 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to
14 statutory tolling where the limitation period has already run prior to filing a state habeas petition.
15 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the
16 reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.
17 White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling
18 when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165,
19 1166 (9th Cir. 2006).

20       Here, although Petitioner has not included any information about his state habeas proceedings,
21 the Court has accessed the California courts' electronic database and determined that Petitioner filed
22 the following state habeas petitions: (1) petition filed in the California Court of Appeal, Fifth
23 Appellate District ("5th DCA") on December 31, 2009 and denied on January 7, 2010, in case no.
24 F059157; (2) petition filed in the 5th DCA on March 9, 2010, and denied on August 6, 2010, in case
25 no. F059662;  (3) petition filed in the California Supreme Court on October 8, 2010 and denied on
26
27
28

1  November 23, 2010 in case no S187154; and, (4) petition filed in the California Supreme Court on
2  December 1, 2011 and denied on May 23, 2012 in case no S198414.[2]

3      Here, although the Court is unable to determine the precise commencement date for the one-
4  year period because Petitioner has failed to supply the appropriate dates in his petition, the Court is
5  still in a position to conclude that the petition untimely because a gap of more than one-year exists
6  between the denial of the third state petition and the filing of the fourth, and thus the collective gap in
7  the intervals between petitions exceeds the 365 days afforded by the AEDPA.

8      Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state
9  habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme
10 Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap
11 between first set of state petitions and second). In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir.
12 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a
13 new habeas petition *at the same or a lower level*" of the state court system. See also Nino, 183 F.3d at
14 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of
15 "a petition at the next state appellate level.")(emphasis supplied).

16     Moreover, statutory tolling is inapplicable to periods between successive petitions--such as
17 Petitioner's first and second state petitions in the 5th DCA, or between the third and fourth petitions
18 filed in the California Supreme Court--that do not form part of a progressive series from the Superior
19 Court, to the Court of Appeal, to the California Supreme Court. See Dils v. Small, 260 F.3d 984 (9th
20 Circ. 2001)(statute of limitation not tolled during interval between successive state habeas petitions
21 filed to the state's highest court); see also Nino, 183 F.3d at 1006-1007 (intervals tolled between state

---

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."); Saffold v. Newland, 250 F.3d 1262 (9th Circ. 2000).

Accordingly, the only time with which Petitioner would be credited for statutory tolling purposes is the actual time intervals during which the four petitions were pending, and not for any intervals between the various petitions. A quick calculation of those intervals shows that the three intervals themselves total 505 days, well beyond the 365 days afforded to state prisoners to file their federal petitions under the AEDPA. Put another way, regardless of when the one-year period commenced—and it would have to have commenced prior to the filing of the various state habeas petitions—it expired at some point between the pendency of those petitions. Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed, regardless of the precise date on which the one-year period would have commenced.

In his response to the Order to Show Cause, Petitioner makes two arguments that the Court must summarily reject. First, Petitioner contends that the AEDPA does not apply to his claims. Petitioner is simply wrong. The AEDPA applies to all federal habeas petitions filed by state inmates after the law's enactment in 1996. This petition, filed on August 11, 2012, is clearly subject to the provisions of the AEDPA, which include the one-year filing requirement.

Second, Petitioner appears to argue that he is not challenging his previous SVP commitment. Rather he challenges the "indeterminate" nature of a future commitment, as it would be construed in People v. McKee, 47 Cal.4th 1127 (2010), which found no due process or ex post facto defects in the law, but did find equal protections problems with its application. To the extent that Petitioner is challenging a commitment that has yet to occur, his petition is not ripe. As a manifestation of the Article III case-or-controversy requirement, standing is a determination of whether a specific person is the proper party to invoke the power of a federal court. Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the

requested relief." Id. at 751.  The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(citations omitted).

Closely related to standing is the issue of ripeness.  The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.  Abbott Laboratories v. Gardner, 387 U.S. 136, 148-149 (1967).  The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm.  Laird v. Tatum, 408 U.S. 1, 14 (1972).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  Texas v. United States, 523 U.S. 296, 300 (1998)(internal citations omitted).  If Petitioner is contending that this Court should review Proposition 83 on the contingency that he might be adjudicated an SVP as some future state proceeding, then the petition is clearly not ripe for federal review.

On the other hand, to the extent that Petitioner is challenging the application of Proposition 83 and McKee to his previous commitment, he is still time-barred by the one-year statute of limitations.  Proposition 83, which modified the SVP law to include an indeterminate sentence rather than the prior consecutive two-year commitments, was passed by California voters in November 2006, well before Petitioner's most recent commitment in 2008.  Thus, Petitioner could have challenged the new law, and his indeterminate confinement, in his direct appeal of his most recent commitment.  Had he done so, the one-year period would have commenced upon the conclusion of his direct appeal, pursuant to 28 U.S.C. § 2244(d)(1), as indicated in the analysis above.    If, however, that Petitioner is contending that the one-year period should commence on the date he actually discovered the issue when it was brought to his attention by a jailhouse lawyer, he is incorrect.  As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence,"  Hasan v. Galaza, 254

1  F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), and
2  *not* when the factual predicate was *actually* discovered by Petitioner, and certainly not when Petitioner
3  at last understands the legal theories available to him or the legal significance of the facts that he has
4  already discovered.  In other words, it is not necessary for a petitioner to understand the legal
5  significance of the facts in order to trigger the one-year period; rather, the clock starts when a
6  petitioner understands the facts themselves.  Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359
7  ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not
8  when the prisoner recognized their legal significance.")  Due diligence, in turn, does not require "the
9  maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter
10 v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004);
11 see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).

12         Here, Petitioner could, with the exercise of due diligence, have discovered that Proposition 83
13 would affect any future commitment as an SVP that Petitioner might incur at the time of the
14 proposition's passage into law in 2006.  Although Petitioner might not have appreciated the legal
15 theories arising from Proposition 83 until much later when it was brought to his attention by another
16 inmate, nevertheless, under AEDPA and cases construing it, the one-year period commenced at that
17 early date in 2006 when with the exercise of due diligence, Petitioner could have understood the facts
18 that would later give rise to the legal theories in the instant petition.  Since that triggering date pre-
19 dates the one used by the Court in calculating the one-year period under § 2244(d)(1)(A), it follows
20 necessarily that, under either scenario, the one-year period expired before the instant petition was
21 filed.

22         D.  Equitable Tolling.

23         The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable
24 tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon
25 v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to
26 equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to
27 file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal
28

quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

   Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Petitioner does indicate that he did not discover these legal contentions until recently; however, a petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

   Moreover, Petitioner has shown no diligence in pursuing his claims.  Equitable tolling applies only where a prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights.  Petitioner alleges that he only recently discovered these claims when they were brought to his attention by a jailhouse lawyer.  (Doc. 1, p. 5).  Petitioner provides no evidence to show that extraordinary circumstances prevented him from timely filing his federal petition or that such extraordinary circumstance prevented him from discovering those claims in the first instance.  Indeed, considering the lengthy span of time between state court filings, Petitioner could easily have remedied the timeliness problem merely by proceeding "up the ladder" in state court in a timely manner.  Instead of exercising due diligence, however, it appears that Petitioner would have been content to languish indefinitely in his present confinement as a sexually violent predator

until and unless some other inmate or Samaritan informed him of a potential legal claim he could present. This is not diligence. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107. Accordingly, Petitioner is not entitled to equitable tolling.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue.

E.   Failure To Exhaust State Remedies.

In addition to timeliness grounds, the Court finds the petition must be dismissed as fully unexhausted. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

11

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner readily acknowledges that he has not presented any of his claims to any state court. (Doc. 1, p. 5).  As grounds for this failure, Petitioner contends that he only discovered his claims when they were brought to his attention by another inmate.  Moreover, Petitioner reaffirms his failure to exhaust his claims in his response to the Order to Show Cause, contending that he should be

relieved from the exhaustion requirement because there is no adequate state remedy available to him. (Doc. 8, p. 3). To the contrary, the state remedy of a direct appeal from a SVP commitment is certainly available to Petitioner, as are a wide range of extraordinary writs, e.g., mandate and prohibition, in the state courts. Merely asserting a lack of available state remedies does not make it so.

Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** for failure to comply with the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) and for lack of exhaustion.
2. The Clerk of the Court is **DIRECTED** to enter judgment and close the file.
3. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 30, 2012**                    **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE